# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Timothy Haynes,

                Petitioner,    Case No. 17-cv-11442

v.                                  Judith E. Levy
                                    United States District Judge

Lori Gidley,

                                    Mag. Judge Anthony P. Patti
                Respondent.

_____/

## OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [7], (2) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING [9], (3) DENYING CERTIFICATE OF APPEALABILITY, (4) AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

Petitioner Timothy Haynes, a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Oakland Circuit Court jury trial conviction for first-degree home invasion, M<span style="font-variant:small-caps">ich</span>. C<span style="font-variant:small-caps">omp</span>. L<span style="font-variant:small-caps">aws</span> § 750.110a(2), for which he is serving a term of 10-to-40 years' imprisonment.

The petition raises eleven claims: (1) insufficient evidence was presented at trial to sustain petitioner's conviction, (2) the trial court

erroneously failed to instruct the jury on self-defense, (3) the trial court erred in allowing admission of petitioner's prior conviction, (4) the state district court erred in binding petitioner over for trial, (5) the prosecutor violated the trial court's discovery order, (6) petitioner was denied the effective assistance of counsel at trial, (7) petitioner's acts were justified by self-defense, (8) the prosecutor failed to prove beyond a reasonable doubt that petitioner committed an assault inside a dwelling, (9) the prosecutor committed misconduct during closing argument, (10) petitioner was improperly sentenced as a habitual felony offender, and (11) petitioner was denied the effective assistance of trial and appellate counsel with respect to sentencing.

Before the Court is respondent's motion to dismiss the petition on the basis that it was filed after expiration of the one-year statute of limitations. (Dkt. 7.); *See* 28 U.S.C. § 2244(d). Petitioner has filed a response to the motion he labels as a "motion for equitable tolling," asserting that prison conditions excuse his untimely filing. (Dkt. 9.) The Court will grant respondent's motion and dismiss the case. The Court will also deny petitioner a certificate of appealability, and it will deny permission to proceed on appeal *in forma pauperis*.

## I. Background

Petitioner filed an appeal following his conviction and sentence. On April 23, 2013, the Michigan Court of Appeals denied petitioner relief. *People v. Haynes*, 2013 WL 1748588, at *1 (Mich. Ct. App. Apr. 23, 2013). The Michigan Supreme Court subsequently denied petitioner's appeal on October 28, 2013. *People v. Haynes*, 838 N.W.2d 546 (Mich. 2013) (table).

For purposes of calculating the starting point of the one-year deadline for filing his federal habeas petition, petitioner's conviction became final 90 days later—on Monday, January 26, 2014—the last day petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Nearly a year later, on December 19, 2014, petitioner filed a motion for relief from judgment in the state trial court. As will be discussed below, the filing of this motion acted to stop the one-year clock. *See* 28 U.S.C. § 2244(d)(2). The trial court denied the motion on February 6, 2015. (Dkt. 8-10.) Petitioner appealed this decision, but on November 4, 2015, the Michigan Court of Appeals denied his

application for leave to appeal. *People v. Haynes*, No. 147283 (Mich. Ct. App. Nov. 4, 2015). Petitioner then appealed to the Michigan Supreme Court, but that court denied his appeal on December 28, 2016. *People v. Haynes*, 888 N.W.2d 62 (Mich. 2016) (table). The one-year clock started running again the next day from the point at which it stopped.

Petitioner did not date his federal habeas petition, but the envelope shows that it was placed in the mail on May 2, 2017, several months after the one-year time limit expired.

**II.   Standard of Review**

Respondent has filed a motion to dismiss. (Dkt. 7.) However, because the motion and the record before the Court includes a number of documents outside of the pleadings, the Court will treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party, here the petitioner. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues

of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986). This standard of review may be applied to habeas proceedings. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## III. Analysis

As set forth above, there is a one-year period of limitation for a habeas petition filed by a state prisoner seeking federal habeas relief from a state-court judgment. § 2244(d)(1). The limitation runs from the latest of four possible starting points, but only one of them is implicated by the current petition.[1] The starting point relevant here is the date the state court judgment became final by the conclusion of direct review or when the time for seeking such review expires. § 2244(d)(1)(A). Here, the expiration of time for seeking direct review was on January

---

[1] Petitioner does not allege that state action prevented him from filing his petition, that his claims are based on a newly-recognized constitutional right, or that his claims are based on newly discovered evidence. See §§2244(d)(1)(B), (C), and (D).

5

27, 2014, the day after the 90-day time limit for filing a petition for a writ of certiorari in the United States Supreme Court expired following the denial of relief by the Michigan Supreme Court during petitioner's appeal of right. *Lawrence*, 549 U.S. at 332–33; *Bronaugh*, 235 F.3d at 283.

The limitations period ran from January 27, 2014, until December 18, 2014, the day before petitioner filed a motion for relief from judgment in the state trial court. During this interval 326 days elapsed on the limitations period. On December 19, 2014, the limitations period stopped running and started to toll for "[t]he time during which a properly filed application for State collateral or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). Petitioner's state collateral review proceeding ended on December 28, 2016, when the Michigan Supreme Court denied his application for leave to appeal. After that date, petitioner no longer had a state collateral review proceeding pending, so the limitations period resumed running. The period ran from December 29, 2016, the day after the Michigan Supreme Court denied relief, until May 2, 2017, when petitioner placed his *pro se* federal petition in the mail – a period

6

of 125 days. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Adding the two periods of time in which the limitations period ran together, a total of 451 days elapsed, meaning the petition was filed after expiration of the 1-year deadline.

The petition is therefore time-barred unless petitioner demonstrates grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner's "motion for equitable tolling" asserts that he is entitled to equitable tolling because as a prisoner he is required to sign-up for law library access "which could end-up taking weeks, maybe a month to be placed in what you['re] signing up for." (Dkt. 9 at 4.) Petitioner also asserts that he was transferred from the Oaks Correctional Facility to the Pugsley Facility and then to the Central Michigan Facility, but he does not provide dates for the transfers. (*Id*.)

7

Finally, Petitioner asserts that he has a busy work schedule in prison and that it took time for him to learn about the appellate process. (*Id.*)

None of these factors constitute grounds for equitably tolling the statute of limitations. Under controlling case law, the fact that petitioner has a limited education and is untrained in the law, is proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary circumstance); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements).

Nor do the usual hardships or restrictions to one's liberty incidental to life in prison described by petitioner provide grounds for equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (ruling that *pro se* status and inability to access transcripts for a period of time did not justify equitable tolling); *Maclin*

8

*v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment under 28 U.S.C. § 2244(d)(1)(B)); *Arriaga v. Gonzales*, 2014 WL 5661023, *12 (C.D. Cal. Oct. 31, 2014) (reliance on jailhouse lawyers is not an extraordinary circumstance). For these reasons, petitioner has not alleged the existence of "extraordinary circumstances" justifying equitable tolling for the months between the expiration of the one-year deadline and the date he placed his petition in the mail.

Accordingly, the Court will grant respondent's motion for summary judgment (Dkt. 7), deny petitioner's motion for equitable tolling (Dkt. 9), and dismiss the petition (Dkt. 1) because there are no genuine issues of material fact whether it was filed after expiration of the one-year statute of limitations or whether petitioner is entitled to equitable tolling.

### IV. Certificate of Appealability

Before petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason could not debate the procedural ruling in the present case. A certificate of appealability will therefore be denied. Leave to appeal *in forma pauperis* is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

V. **Conclusion**

For the reasons set forth above respondent's motion to dismiss the petition (Dkt. 7) is GRANTED and the petition for writ of habeas corpus (Dkt. 1) is DENIED. Additionally, petitioner's motion for equitable tolling (Dkt. 9) is DENIED.

Finally, a certificate of appealability and permission for leave to appeal *in forma pauperis* are DENIED.

IT IS SO ORDERED.

Dated: February 26, 2018   s/Judith E. Levy
Ann Arbor, Michigan   JUDITH E. LEVY
   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager